FORM 26. Docketing Statement                                    Form 26 (p. 1)
                                                                July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 22-1106, 22-1107, 22-1108, 22-1109

**Short Case Caption:** Regents of the University of California v. Satco Products, Inc.

**Filing Party/Entity:** Satco Products, Inc.

> **Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| USPTO/PTAB | IPR2020-00579; IPR2020-00695; IPR2020-00780; IPR2020-00813 | Inter Partes Review |

**Relief sought on appeal:** ☐ None/Not Applicable

IPR2020-00579: Affirmance of PTAB's Final Written Decision on U.S. Patent No. 7,781,789 in its entirety.
IPR2020-00695: Affirmance of PTAB's Final Written Decision on U.S. Patent No. 9,240,529 in its entirety.
IPR2020-00780: Affirmance of PTAB's Final Written Decision on U.S. Patent No. 10,217,916 in its entirety.
IPR2020-00813: Affirmance of PTAB's Final Written Decision on U.S. Patent No. 9,859,464 in its entirety.

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

IPR2020-00579: Claims 1, 3, 5, 9, 12, 13, 15, 18, 28, 29, 31, 33, 37, 40, 41, 43, 47, and 56 of U.S. Pat. No. 7,781,789 have been proven unpatentable.
IPR2020-00695: Claims 1, 3, 4, 8–10, 12, 13, 15, 16, 20–22, and 24 of U.S. Pat. No. 9,240,529 have been proven unpatentable.
IPR2020-00780: Claims 1, 5, 6, 7, 9, 13, 14, 18, 19, 20, 22, and 26 of U.S. Pat. No. 10,217,916 have been proven unpatentable.
IPR2020-00813: Claims 1, 2, 8–12, and 18–20 of U.S. Pat. No. 9,859,464 have been proven unpatentable.

**Briefly describe the judgment/order appealed from:**

In its final decision in IPR2020-00579, the PTAB held that claims 1, 3, 5, 9, 12, 13, 15, 18, 28, 29, 31, 33, 37, 40, 41, 43, 47, and 56 of U.S. Pat. No. 7,781,789 are unpatentable.
In its final decision in IPR2020-00695, the PTAB held that claims 1, 3, 4, 8–10, 12, 13, 15, 16, 20–22, and 24 of U.S. Pat. No. 9,240,529 are unpatentable.
In its final decision in IPR2020-00780, the PTAB held that claims 1, 5, 6, 7, 9, 13, 14, 18, 19, 20, 22, and 26 of U.S. Pat. No. 10,217,916 are unpatentable.
In its final decision in IPR2020-00813, the PTAB held that claims 1, 2, 8–12, and 18–20 of U.S. Pat. No. 9,859,464 are unpatentable.

**Nature of judgment (select one):**

☒ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☐ Other (explain) _____

**Date of judgment:** 09/15/21 (22-1106)
09/15/21 (22-1107)
10/12/21 (22-1108)
10/19/21 (22-1109)

FORM 26. Docketing Statement                              Form 26 (p. 2)
                                                              July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued.  ☐ None/Not Applicable

> 22-1106, 22-1107, 22-1108, 22-1109

Issues to be raised on appeal:  ☐ None/Not Applicable

> IPR2020-00579: Affirmance of PTAB's Final Written Decision on U.S. Patent No. 7,781,789 in its entirety.
> IPR2020-00695: Affirmance of PTAB's Final Written Decision on U.S. Patent No. 9,240,529 in its entirety.
> IPR2020-00780: Affirmance of PTAB's Final Written Decision on U.S. Patent No. 10,217,916 in its entirety.
> IPR2020-00813: Affirmance of PTAB's Final Written Decision on U.S. Patent No. 9,859,464 in its entirety.

Have there been discussions with other parties relating to settlement of this case?

☑ Yes    ☐ No

If "yes," when were the last such discussions?

☐ Before the case was filed below
☑ During the pendency of the case below
☐ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?   ☑ Yes   ☐ No

If they were mediated, by whom?

> Mr. Kent Stevens

Do you believe that this case may be amenable to mediation?  ☐ Yes   ☑ No

Explain.

> Appellee does not believe that mediation would be productive.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

> N/A

Date: 11/16/21           Signature: /s/ Heath J. Briggs
                         Name:      Heath J. Briggs

Save for Filing